```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
In re:                               :
LEHMAN BROTHERS INC.                 :
                                     :
_____      :
                                     :
CONNIE AND CURTIS GALE               :
                                     :      14 Civ. 9288 (JSR)
        Appellants,                  :
                                     :      MEMORANDUM ORDER
        -v-                          :
                                     :
JAMES W. GIDDENS, as Trustee for the :
SIPA Liquidation of Lehman Brothers  :
Inc.,                                :
                                     :
        Appellee.                    :
-------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

In this bankruptcy appeal, appellants Connie and Curtis Gale appeal an order of United States Bankruptcy Judge Shelley C. Chapman that granted the objection of appellee James W. Giddens to appellants' general creditor claim. See Order Granting the Trustee's Objection to the Proof of Claim of Connie & Curtis Gale ("Order"), dated August 29, 2014, In re Lehman Brothers Inc., No. 08-1420 SIPA, Bankr. ECF No. 9751. Specifically, the Order disallowed and expunged with prejudice appellants' claims that accrued or arose on or prior to July 2, 2002, required that appellants replead with particularity the bases of their remaining claims, and allowed appellants to move to compel FINRA arbitration of the surviving claims within 30 days of repleading. Id.

1

Prior to filing their briefs in this appeal, the parties brought the issue of jurisdiction to the Court's attention via a joint telephone conference, and the Court instructed the parties to address in their briefs whether the Court has jurisdiction. Having now reviewed their briefs and considered the issue, the Court concludes that the Order is interlocutory, as it does not completely resolve all of the issues pertaining to appellants' discrete claim within the larger SIPA liquidation of Lehman Brothers Inc. *See In re Pegasus Agency Inc.*, 101 F.3d 882, 885 (2d Cir. 1996). Therefore, the appeal may not be taken as of right under 28 U.S.C. § 158(a)(1).

Appellants nonetheless argue that the Court should grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3), because their adversary has signed a stipulation saying he will not oppose such grant of jurisdiction. *See* Bankr. ECF No. 10397. It is within a district court's discretion to grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3). *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). Here, however, notwithstanding that appellee has stipulated not to oppose jurisdiction under § 158(a)(3), the Court finds that taking jurisdiction at this stage would only serve to delay and disrupt proceedings before the Bankruptcy Court. Accordingly, the Court denies appellants' request to grant leave to appeal. 28 U.S.C. § 158(a)(3).[1]

---

[1] Appellants' alleged alternative basis for appeal, under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1), also fails. Section 16(a)(1) enumerates five types of orders from which a claimant may appeal, none of which is at issue here.

For the foregoing reasons, this action is dismissed for lack of jurisdiction.

SO ORDERED.

Dated:   New York, NY
         March 9, 2015

                                          _____
                                          JED S. RAKOFF, U.S.D.J.